WR-71,453-05
71,453-05

EXPARTE CALVIN W WAYNE

THE 283rd JUDICIAL
DISTRICT COURT
DALLAS COUNTY, TEXAS
RE: W05-26048-T(C)

APPLICANT'S MOTION FOR
LEAVE OF THIS COURT TO FILE
HIS OBJECTION TO THE STATE RESPONSE
AND FINDING OF FACTS AND
ORDER

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 21 2015

Abel Acosta, Clerk

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Applicant CALVIN W. SMITH, PRO,SE by way of motion for Leave, seeking permission of this court to reFile Applicant's objection to the 283rd JUDICIAL DISTRICT COURT'S August 12, 2015 Response and order.

I

Applicant asserts that the, such objection if consider would AFFord Applicant a opportunity to have his writ oF Habeas Corpus under writ no. W 05-26048-T(C) in the 283rd Judicial District Court oF Dallas County, Texas adjudicated reasonable, which Applicant asserts that said motion is submitted in good Faith.

PRAYER.

I pray that this Honorable court would grant Applicant's motion For Leave, to have such objection Filed and consider in this court, which Applicant assert is sufficient to invoke The T.C.C.P. 11.07 sec(4) necessary requirements.

CERTIFICATE OF SERVICE

I CALVIN W. SMITH, now comes beFore this court in good Faith, and States that all of the above is true to the best oF Applicant's knowledge and Free From PERJURY

Date executed. September/17/2015

Calvin W. Smith
Calvin W. Smith
TDCJ-ID # 1370784
Robertson Unit
12071 Fm 3522
Abilene, Texas 79601

WRIT No. W05-26048-T(c)

(Ex parte) Calvin W. Smith

In The 283rd Judicial

District Court

Dallas County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 24 2015
Abel Acosta, Clerk

APPLICANT'S OBJECTION TO THE

STATE'S RESPONSE, FINDING OF FACT AND ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Applicant Calvin. W. Smith, by way of objection to the State's response, finding of fact and arder.

I.

It would be a complete fundamental miscarriage of justice in light of Murray v. Carrier 477, U.S. 496, 91, L.Ed. 2d, 397, 100 Sct. 2639 (1986). If this court adopt the trial court's Aug. 12, 2015 response and order.

Applicant asserts that such decision or conclusion by the State, taht Applicant has failed to demonstrate why he was unable ot present these claims in his previous writ. Applicant asserts that the State's contention in the light of Applicant attached exhibits (1) and (2), as set out in the T.C.C.P. 11.07 Sec. (4). Due to exhibits one and two being newly discovered evidence, which supporting the police corruption that Applicant argued at hsi initial court trial, which was two newspaper articles on the Lead Detective Dennis Morrow who also worked and set up my case, was caught being in the police corruptino, identical ot Applicant's allegations duing his trial.

Applicant further asserts that the newly discovered evidence and arguments submitted therein, meet all the requirements of T.C.C.P. Art. 11.07 Sec. (4) as set out in Ex parte Brook 219 S.W. 3d. 396 (Tex. App. 2007), and Schlup v. Delo 513 U.S. 296. 327-28, 115 Sct. 851, 130, L.Ed. 2d. 808 (1995).

Which the court in Ex parte Brook 219, S.W. 3d. 396, (Tex. App. 2007); under a 11.07 sec. (4). Review stated that we may not consider the merit of an application unless it includes sufficient specific facts establishing by a preponderance of the evidence that, but for a constitutional violation, no rational juror would have found Applicant guilty. The court went on to state that it must that this necessarily includes a prima facie showing of actual innocence in order for the Applicant to demonstrate that the constitutional

violation at his trial resulted in a miscarriage of justice which such showing would allow said court to consider a constitutional claim which otherwise would have been barred by Sec. (4) of the T.C.C.P.

Which Applicant asserts that as of yet he has not been offorded such opportunity. In the light of McQuiggens v. Perkins 133 Sct. 1924 (2013) Applicant assert that in the light of his newly discovered evidence seen in attached exhibits (1) and (2) under writ No. WO5-26048-T(C) that Applicant has made a prima facia showing of actual innocence, entitling him to a hearing on the merits because the two exhibits demonstrate the same identical police corruption that Applicant argued was going on with the same corrupt officer with the Garland, Texas Police Department, officer Dennis Morrow. Therefore Applicant asserts that it who be unreasonable to disregard Applicant's newly discovered exhibits (1) and (2) in the light of McQuiggens v. Perkins 133 Sct. 1924 (2013); Ex parte Brook 219 S.W. 3d. 366 (Tex. Crim. App. 2007) and Schlup v. Delo 513 U.S. 298, 327-28, 115 Sct. 851 (1995) which the following courts state; that under an actual innocnet claim, one with a prima facia showing , which in this case, that had it not been for the police corruption by Garland Police officer Denniw Morrow as depicted in Applicant's exhibits (1) and (2) no reasonable juror would have prevailed on his pretrial motion to suppress the drugs that was illegally obtained by an unlawful search of the motel room that Applicant rented and had standings.

## PRAYER

Applicant pray that this court will review Applicant's writ along with his two newly discovered exhibits (1) and (2) and determine that Applicant has made the necessary prima facia showing to meet the requisites of T.C.C.P. Art. 11.07 Sec. (4), and thereafter grant Applicant due relief.

## CERTIFICATE OF SERVICE

I, Calvin W. Smith, now comes before this court in good faith, state that all of the above is true to the best of Applicant's knowledge free from perjury.

Date executed August 20, 2015

Calvin W. Smith
TDCJ-ID #1370784
Robertson Unit
12071 FM 3522
Abilene, Texas 79601



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
    JUDGES

## COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1600

September 1, 2015

Calvin W. Smith #1370784
Robertson Unit
12071 FM 3522
Abilene, TX 79601

RE: Trial Court Case #W05-26048-T(C)

Dear Mr. Smith:

After a thorough search of our records, we find that you do not have a Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time. If you have any further questions or concerns, please direct them to the District Clerk in the convicting county where you originally filed the application.

I am herewith returning your documents.

Sincerely,

Abel Acosta, Clerk

AA/kd
Enclosure

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS

OFFICE OF THE CLERK

P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

STATE OF TEXAS

PENALTY FOR
PRIVATE USE

ZIP 78701
02 1W
0001401623 SEP 10 2015

$ 000.27⁵

9/8/2015

SMITH, CALVIN WAYNE    Tr.Ct.No. W05-26048-T (C)    WR-71,453-05

On this day, the application for 11.07 Writ of Habeas Corpus has been received and presented to the Court.

Abel Acosta, Clerk

CALVIN WAYNE SMITH
ROBERTSON UNIT - TDC #1370784
12071 FM 3522
ABILENE, TX 79601

N3B 79601